[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 163.]

CLEVELAND ELECTRIC ILLUMINATING COMPANY, APPELLANT, *v.* PUBLIC

UTILITIES COMMISSION OF OHIO ET AL. APPELLEES.

[Cite as *Cleveland Elec. Illum. Co. v. Pub. Util. Comm*., 1996-Ohio-296.]

*Public Utilities Commission—Commission does not abuse its discretion by*
*refusing to express an opinion on the non-rate aspects of Garfield Heights*
*ordinances dealing with electric rates—Commission has discretion to*
*assess hearing costs and expenses.*

(No. 95-2157—Submitted June 5, 1996—Decided July 31, 1996.)

APPEAL from the Public Utilities Commission of Ohio, Nos. 94-578-EL-CMR,

94-1176-EL-CMR and 94-1177-EL-CMR.

———————————

{¶ 1} This appeal involves the consolidated order of the Public Utilities Commission of Ohio ("commission") refusing to render a decision on the merits regarding the non-rate aspects of certain city of Garfield Heights ordinances and payment of the hearing costs in case Nos. 94-578-EL-CMR, 94-1176-EL-CMR and 94-1177-EL-CMR.

{¶ 2} On March 10, 1994, the city of Garfield Heights ("Garfield") enacted Ordinance No. 21-1994, reducing its tariffed electric rates for all customers in the city by thirty percent and ordering the Cleveland Electric Illuminating Co. ("CEI") to comply with numerous informational filing requirements with Garfield. CEI objected to the ordinance and filed a complaint with the commission under R.C. 4909.38, case No. 94-578-EL-CMR. On June 8, 1994, Garfield enacted two additional ordinances, Nos. 32-1994 and 35-1994. Ordinance No. 32-1994 reduced electric rates by thirty percent with some minor changes from ordinance No. 21-1994. Ordinance No. 35-1994 revoked CEI's exclusive franchise to provide electric service in Garfield. CEI filed two additional complaints with the

commission regarding the rate and non-rate aspects of these ordinances, case Nos. 94-1176-EL-CMR and 94-1177-EL-CMR.

{¶ 3} The commission established a test period for the complaints, beginning January 1, 1993, and ending December 31, 1993, with a date certain for property used and useful of March 31, 1994. The commission's technical staff filed its Report of Investigation ("Staff Report") on January 23, 1995. CEI and Garfield each objected to the Staff Report.

{¶ 4} The evidentiary hearing on CEI's three complaints commenced March 20, 1995 and continued through March 29, 1995. CEI presented seven witnesses supporting its current electric rates for Garfield, but no witnesses on the non-rate aspects of these ordinances. The commisson presented ten witnesses supporting the findings and recommendations in the Staff Report. Garfield supported its ordinances with the testimony of Anthony J.Yankel.

{¶ 5} Two public hearings were held in Garfield. Post-hearing briefs and reply briefs were filed by the parties. On June 29, 1995, after reviewing the record and the briefs of the parties, the commission issued its opinion and order. See 1995 WL447272. The commission found that CEI, as the complaining party, had the burden of proof in the complaint cases. However, the commission refused to discuss the non-rate aspects of Garfield's ordinances, stating:

"[T]he company presented no evidence to support its arguments on this issue. Therefore, * * * we express no opinion concerning the validity or enforceability of [the non-rate aspects of Garfield's ordinances]." (Emphasis sic.) *Id*. at 2, fn. 1.

{¶ 6} The commission then determined that it would adjust CEI's rates for Garfield only if the hearings justified a rate decrease. The commission thereupon discussed the various individual issues raised by the parties and held that no rate decrease was justified because CEI was already earning less than a reasonable rate of return on its investment.

**{¶ 7}** CEI and Garfield each sought rehearing. CEI attacked the commission's refusal to comment on the non-rate aspects of Garfield's ordinances. Garfield opposed the rate-related portions of the opinion and order. The commission found all of the arguments without merit and affirmed its prior findings in the opinion and order. This appeal followed as a matter of right.

_____

*Terrence G. Linnert, Richard W. McLaren, Jr.,* and *Mark R. Kempic,* for appellant.

*Betty D. Montgomery,* Attorney General, *Duane W. Luckey* and *Paul A. Colbert*, Assistant Attorneys General, for appellee, Public Utilities Commission of Ohio.

*Henry W. Eckhart,* for intervening appellee, city of Garfield Heights.

_____

***Per Curiam.***

**{¶ 8}** Appellant propounds two propositions of law, arguing that the commission abused its discretion by refusing to express an opinion on the non-rate aspects of Garfield's ordinances and by refusing to assess the hearing expenses and costs against Garfield. For the reasons expressed below, we find that neither proposition of law has merit.

**{¶ 9}** This court will reverse a commission order only if we find it to be unlawful or unreasonable. R.C. 4903.13. We do not reweigh evidence or substitute our judgment for that of the commission on factual questions where there is sufficient probative evidence in the record to enable us to conclude that the commission's decision is not manifestly against the weight of the evidence and is not so clearly unsupported by the record as to show misapprehension, mistake, or willful disregard of duty. *Canton Storage & Transfer Co. v. Pub. Util. Comm.* (1995), 72 Ohio St.3d. 1, 4, 647 N.E.2d 136, 140; *Indus. Energy Consumers of Ohio Power Co. v. Pub. Util. Comm.* (1994), 68 Ohio St.3d 547, 554, 629 N.E.2d

414, 420; *MCI Telecommunications Corp. v. Pub. Util. Comm.* (1988), 38 Ohio St.3d 266, 268, 527 N.E.2d 777, 780. However, we have complete and independent power of review as to all questions of law. *MCI Telecommunications Corp.*, at 268, 527 N.E.2d at 780; *Indus. Energy Consumers of Ohio Power Co. v. Pub. Util. Comm.* (1994), 68 Ohio St.3d 559, 563, 629 N.E.2d 423, 426. Determining whether the commission properly refused to render an opinion on the non-rate aspects of Garfield's ordinances or to assess hearing expenses and costs below involves questions of both fact and law. The legal issues are considered on a *de novo* basis, while the commission's factual determinations are entitled to deference. *Id.*

{¶ 10} CEI argues, in its first proposition of law, that the commission erred when it failed to render a decision regarding the non-rate provisions in Garfield's ordinances as required by R.C. 4909.39. We find that this proposition lacks merit.

{¶ 11} CEI filed its complaints and appeals pursuant to R.C. 4909.34(A), which applies to situations where the complaining utility does not have an application for a rate increase pending before the commission at the time of the filing of the ordinance complaint. *Columbus v. Pub. Util. Comm.* (1992), 62 Ohio St.3d 430, 434-435, 584 N.E.2d 646, 649. R.C. 4909.38 requires complaints filed under R.C. 4909.34(A) to comply with the Standard Filing Requirements (which are used in a utility-requested rate increase application) set forth in R.C. 4909.17, 4909.18, 4909.19, and 4909.42.

{¶ 12} R.C. 4909.39 sets forth the commission's functions and obligations in rendering its decision on an R.C. 4909.34 complaint. Under this section, the commission must review the ordinance rates in question using the traditional rate-setting factors set forth in R.C. 4909.15. Additionally, the commission must strike any non-rate portion of an ordinance when it "is of the opinion that any provisions of the ordinance * * * appealed from or complained of other than the rate" is unjust or unreasonable. R.C. 4909.39. But, the commission cannot render an opinion on an issue without facts in the record to support its decision. A legion of cases

establish that the commission abuses its discretion if it renders an opinion on an issue without record support. See, e.g. *Canton Storage & Transfer Co., supra*; *Indus. Energy Consumers of Ohio Power Co., supra*; *MCI Telecommunications Corp., supra*; R.C. 4903.13. This case was no different.

{¶ 13} CEI opposed, *inter alia,* Sections 5, 6, and 7 of Garfield Ordinance Nos. 21-1994 and 32-1994 in its various complaints. CEI also objected to the Staff Report's failure to address the non-rate provisions of these ordinances. CEI acknowledges that as the complaining party it had the burden of proof on the non-rate issues addressed in the complaints. R.C. 4909.18; Ohio Adm.Code 4901-1-28. Yet, CEI presented no witnesses on the non-rate issues at the hearing. Nor did any other party.

{¶ 14} CEI argues that statements by various witnesses support its position that the commission should have rendered a decision on Sections 5 and 6 of Garfield Ordinance Nos. 21-1994 and 32-1994. We disagree. CEI witnesses Cantwell and Seboldt did not mention or otherwise address Sections 5 or 6 in their testimony or on cross-examination. Generic statements presented for other purposes during cross-examination, that certain records are not presently kept by CEI and that it is expensive to analyze such data, are insufficient to obligate the commission to render a decision regarding the reasonableness of the non-rate aspects of Garfield Ordinance Nos. 21-1994 and 32-1994.

{¶ 15} Nor do we find any record support for CEI's objection to Section 7 of Garfield Ordinance Nos. 21-1994 and 32-1994. Staff witness Maxwell's testimony has nothing to do with whether or not CEI's franchise remains in effect. No party offered any evidence relating to Section 7 of Garfield Ordinance Nos. 21-1994 and 32-1994.

{¶ 16} Under these circumstances, the commission had no information before it concerning Sections 5, 6, and 7 of Garfield Ordinance Nos. 21-1994 and 32-1994 or the effect that compliance with such requirements would have on CEI,

and the commission properly rejected any discussion of these non-rate issues. Given that CEI had the burden of proving that these portions of Garfield Ordinance Nos. 21-1994 and 32-1994 were unjust or unreasonable in the first instance, we decline to give CEI a second opportunity to present its case-in-chief on these issues. Accordingly, we find no facts present in the record to support CEI's claims that the commission erred by not rendering an opinion on the non-rate portions of Garfield's ordinances, and hold that CEI's first proposition of law is without merit.

{¶ 17} CEI contends in its second proposition of law that the commission should have assessed the hearing expenses and costs against Garfield. This proposition is also without merit.

{¶ 18} Pursuant to R.C. 4903.24, the commission has discretion in assessing fees and costs to the parties before it:

"All fees, expenses, and costs of, or in connection with, any hearing or investigation *may be imposed by the commission* upon any party to the record or may be divided among any parties to the record *in such proportion as the commission determines*." (Emphasis added.) R.C. 4903.24.

{¶ 19} The commission determined that it would not assess the costs and expenses of the hearing and investigation of Garfield's ordinances against Garfield:

"A complaint and appeal case takes a great deal of Commission and staff resources, and we were concerned that this work would be undertaken by the staff with no case being put on by the municipality. This did not occur in this case as the City presented a witness who presented substantial defenses for the ordinances in good faith, and after undertaking discovery from the company in order to make an informed presentation. We find, therefore, that our initial reasons for raising the possibility of assessment of costs has not been triggered in this case."

{¶ 20} The commission had the discretion to assess costs and expenses against Garfield below. The commission chose not to do so. That CEI does not like the commission's decision does not render that decision an abuse of discretion.

CEI has presented no evidence that this decision constitutes an abuse of discretion. CEI's second proposition of law is without merit.

{¶ 21} Accordingly, the commission's order is affirmed.

*Order affirmed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, RESNICK and STRATTON, JJ., concur in part and dissent in part.

————————————

**DOUGLAS, J., concurring in part and dissenting in part.**

{¶ 22} I concur with the majority in its decision as to and treatment of appellant's second proposition of law. I respectfully dissent to the majority's decision as to appellant's first proposition of law.

{¶ 23} Pursuant to R.C. 4909.39, the commission has an obligation to strike any non-rate portions of an ordinance when such provisions are unjust or unreasonable. The provisions complained of by appellant are both unjust and unreasonable on their face. In addition, contrary to the majority's finding, appellant did, I believe, directly present these issues to the commission. Appellant raised the unreasonableness of Sections 5, 6 and 7 of Garfield Ordinance Nos. 21-1994 and 32-1994 in its various filings with the commission. Further, it is overly technical to say that testimony elicited on cross-examination, that the records the ordinances required appellant to keep were not presently kept and were expensive to analyze, did not present the commission with the issues. Such a ruling simply encourages appellant to file yet another complaint seeking the commission's determination of the issues. To avoid a *res judicata* defense, appellant need only add another issue, and issues seem abundant in these cases.

RESNICK and STRATTON, JJ., concur in the foregoing opinion.

————————————